# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| **CAROUSEL INDUSTRIES OF NORTH AMERICA, LLC,** | )<br>)<br>) |
| **Plaintiff,** | )<br>) |
| vs. | )<br>) |
| **STILLMAN COLLEGE, INCORPORATED,** | ) Case No. 1:22-cv-00423<br>)<br>) |
| **Defendant.** | )<br>) |

## COMPLAINT
## AND JURY TRIAL DEMAND

Plaintiff, Carousel Industries of North America, LLC ("Carousel"), by and through its undersigned counsel, hereby files its Complaint against Defendant, Stillman College, Incorporated ("Stillman"), and alleges as follows:

### Parties

1. Carousel is a Rhode Island limited liability company, with a principal place of business located at 659 South County Trail, Exeter, Rhode Island. Carousel is the successor to Carousel Industries of North America, Inc. and assumed all of its rights and obligations.

2. Stillman, on information and belief, is an Alabama non-profit corporation with a principal place of business in Tuscaloosa, Alabama.

### Jurisdiction and Venue

3. This Court has jurisdiction over this matter under 28 U.S.C. §1332(a) and (c) because the parties are citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds $75,000.

4857-0121-1199.1

4.  Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) and (3), as the events giving rise to the underlying claim occurred or had their effect within this judicial district and the terms and the contract governing the parties' relationship provides that legal action must be commenced in the State of Rhode Island.

**Factual Background**

5.  Carousel is in the business of providing managed Information Technology services.

6.  On or about November 19, 2020, Carousel presented Stillman with a Quote for Carousel to provide various products, services and licenses to Stillman in exchange for payment. The Quote plainly states that all work would be subject to Carousel's Master Agreement.

7.  Stillman accepted the Quote, which, along with Carousel's Master Agreement became the parties' contract (the "Contract").

8.  Carousel has provided all of the products, services and licenses that it agreed to provide pursuant to the Contract and sent Stillman multiple invoices for payment therefore. The total of those invoices was $554,987.21, but Stillman only has paid Carousel $76,025.48, leaving a balance of $478,961.73 due and owing.

9.  Carousel has made several demands to Stillman for payment of the outstanding balance, but Stillman has refused to agree to any date certain by which it will make payment. Further, nothing in the Contract allows Stillman to refuse to pay the outstanding balance.

10. The Contract states that "[a]ny overdue and unpaid portion of the Fees will bear interest, compounded at one and one-half percent (1.5%) per month or the maximum rate allowed by applicable law." The Contract also states that Stillman "will reimburse Carousel for reasonable attorneys' fees and any other costs associated with collecting delinquent payments."

4857-0121-1199.1

## COUNT I
## Breach of Contract

11. Carousel repeats and incorporates herein by reference the allegations set forth in the foregoing paragraphs of this Complaint.

12. Carousel and Stillman entered into the Contract, which is valid and binding on the parties.

13. Carousel fulfilled all its obligations under the Contract.

14. Stillman has materially breached its contractual obligations to Carousel by, *inter alia*, its conduct, as described above.

15. As a result of Stillman's material breaches of contract, Carousel has been injured and suffered substantial damages.

**WHEREFORE**, Carousel Industries of North America, LLC prays that this Court:

a. Enter a judgment in its favor on all counts of this Complaint;

b. Award Carousel Industries of North America, LLC all damages it proves at trial to have suffered as a result of the conduct of Stillman College, Incorporated;

c. Award Carousel Industries of North America, LLC prejudgment interest on its damages compounded at the rate of one and one-half percent (1.5%) per month, or the maximum rate allowed by applicable law, on all damages Carousel proves at trial to have suffered as a result of the conduct of Stillman College, Incorporated;

d. Award Carousel Industries of North America, LLC all costs, expenses and legal fees it has incurred and will incur in prosecuting this matter; and

e. Award Carousel Industries of North America, LLC such other and further relief as justice may require.

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY**

4857-0121-1199.1

<table>
<tr><td></td><td>Respectfully submitted,

**CAROUSEL INDUSTRIES OF NORTH AMERICA, LLC**
By its attorneys,


*/s/ Timothy J. Conlon*
Timothy J. Conlon (RI Bar #2523)
tconlon@burnslev.com
Burns & Levinson LLP
One Citizens Plaza, Suite 1100
Providence, RI 02903
Tel: 401-831-8330


*/s/ Shepard Davidson*
Shepard Davidson (MA BBO #557082),
*pro hac application pending*
sdavidson@burnslev.com
Gregory S. Paonessa (MA BBO #691216),
*pro hac application pending*
gpaonessa@burnslev.com
Burns & Levinson LLP
125 High Street
Boston, MA 02110</td></tr>
<tr><td>Dated: November 22, 2022</td><td>Tel: 617-345-3000</td></tr>
</table>

4